980 F.2d 745
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ann R. WYNN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3099.
 United States Court of Appeals, Federal Circuit.
 Oct. 22, 1992.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Ann R. Wynn petitions for review of Merit Systems Protection Board decision, Docket No. AT08469110388, affirming the Office of Personnel Management's (OPM) reconsideration decision that denied her request to transfer from the Civil Service Retirement System (CSRS) to the Federal Employees Retirement System (FERS). We affirm.
 
 DISCUSSION
 
 2
 During a six-month open season from July 1, 1987 through December 31, 1987, individuals subject to CSRS were entitled to elect to transfer to FERS coverage. On December 9, 1987, Wynn elected to be covered by CSRS instead of FERS by completing and signing an election of coverage form. Wynn placed her initials in the box next to the statement: "I elect not to be covered under FERS. I understand that if I am now covered under CSRS, CSRS coverage will continue." The form stated: "Be sure to read your FERS Transfer Handbook." The handbook gave detailed information on the difference between retirement coverage under CSRS and FERS. In addition to the first transfer period, OPM authorized a second six-month open season, until June 30, 1988, to allow for belated elections under certain circumstances.[1]
 
 
 3
 Wynn retired from federal service on June 30, 1989[2] and began receiving a survivor's annuity from the Social Security Administration in July 1989. In June 1990, Wynn was advised that she would no longer be receiving a survivor's annuity because it was offset by her CSRS benefits and that she had been overpaid $4,834.00.[3] On July 12, 1990, Wynn submitted a second election of coverage form to the Postal Service selecting retirement under FERS. On September 21, 1990, the Postal Service responded to Wynn's request for transfer from CSRS to FERS by stating that the final date to transfer to FERS was December 31, 1987. The Postal Service stated that Wynn was notified of this deadline by letter, handbook and notices posted on the bulletin boards of offices.
 
 
 4
 On October 3, 1990, Wynn appealed the Postal Service's decision to OPM stating that she was not properly informed of the effect that retirement under CSRS instead of FERS would have on her survivor annuity. On March 1, 1991, OPM denied Wynn's request to transfer. OPM stated that it had reserved the authority to authorize an election after the regulatory period whenever the failure to make a timely election was due to a cause beyond the individual's control. However, OPM determined that Wynn had not shown that her failure to make a timely election was due to a cause beyond her control. OPM stated that "[a] finding of cause beyond control is justified if an employee exercised due diligence but was prevented from making an informed decision during the open season established by law due to an administrative error on the part of the Government." OPM determined that, if Wynn was not adequately informed of the implications of selecting retirement under CSRS, the statement on the election form advising employees to read the FERS Transfer Handbook should have alerted her to obtain the handbook from her personnel office and read it before she made her election.
 
 
 5
 On appeal to the Board, the Administrative Judge (AJ) determined that the election form placed Wynn on notice that she should have obtained a handbook prior to completing the form and held that she had failed to establish that her failure to make a timely election was due to circumstances beyond her control. Accordingly, the AJ affirmed OPM's decision. The Board denied Wynn's petition because it did not meet the criteria for review. 5 C.F.R. § 1201.115.
 
 
 6
 We review the Board's decision under a very narrow standard, affirming the decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 
 7
 In her informal brief, Wynn states that she received "inadequate information at the time of my retirement.... If I had [been] informed [that I could not receive both Social Security and CSRS benefits] I would have made another decision, I was under stress when I elected to retire at that time." The AJ determined that Wynn's failure to make an informed decision on her choice of retirement coverage was a result of her own lack of diligence in not obtaining a FERS transfer handbook. Wynn has not shown otherwise. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987) (employee has burden to establish entitlement to benefits). Moreover, to the extent that Wynn asks the court to estop OPM from denying her application to transfer based upon the Postal Service's alleged failure to adequately advise her of the effect retirement under CSRS would have on her social security benefits, that argument is rejected. See Office of Personnel Management v. Richmond, 496 U.S. 414 (1990), reh'g denied, 111 S.Ct. 5 (1990) (Erroneous advice given by a government employee does not estop the government from denying benefits not otherwise permitted by law.) Accordingly, we conclude that the Board's decision was not arbitrary or capricious, was supported by substantial evidence, and was issued in accordance with applicable provisions of the law.
 
 
 
 [1]
 An employing agency could accept a belated election made through June 30, 1988 if: (1) the FERS transfer handbook was unavailable during the election period, (2) the individual was unable to elect FERS for causes beyond his or her control, or (3) administrative errors made in connection with the election needed to be corrected. 5 C.F.R. § 846.204(a) and (b)
 
 
 [2]
 OPM states in its brief that Wynn retired on December 9, 1987. However, that appears to be the date that Wynn elected to be covered under CSRS, not the date of her retirement
 
 
 [3]
 A factor to be considered by employees in selecting retirement coverage was an offset of social security benefits. If an employee retires from the federal service under CSRS and is also eligible for social security survivor benefits, that individual's survivor benefits will be reduced by two-thirds of the amount of the benefit payable based upon his or her earnings while in the service of the federal government. 42 U.S.C. § 402(b)(4)(A) and (f)(2)(A). Federal employees covered by CSRS were subject to the offset while certain employees who elected coverage by FERS before December 31, 1987 were exempt from its application. H.R.Rep. No. 100-391(II), 100th Cong., 2d Sess., 1987 USCCAN 2313-1, 2313-467